**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| HANNIBAL MU BEY, | |
| Plaintiff, | |
| v. | No. 23-cv-2721 |
| | Honorable Franklin U. Valderrama |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**ORDER**

Plaintiff Hannibal Mu Bey, proceeding *pro se*, brings this lawsuit against the Social Security Administration, Defendant, concerning his efforts to receive disability insurance benefits. R. 1, Compl. [1] Plaintiff asserts claims for discrimination under 42 U.S.C. §§ 1983, 1985, and 1986, as well as state law claims for false arrest, assault, battery, false imprisonment, malicious prosecution, and conspiracy. *Id*.

Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 15, Mot. Dismiss. For the reasons stated below, Defendant's motion is granted. The Court strikes Plaintiff's pending motion for relief hearing, R. 54, as moot.

By way of background[2], Plaintiff alleges that on January 9, 2023, a Social Security Administration employee gave him a social security insurance application form instead of the disability insurance benefits application form he requested. Compl. ¶¶ 6, 10. This action, according to Plaintiff, demonstrates that Defendant conspired and discriminated against him on the basis of race, religion, or shared ancestry, in violation of 42 U.S.C. §§ 1983, 1985, and 1986. *Id*. He also asserts state law claims for false arrest, assault, battery, false imprisonment, malicious prosecution, and conspiracy. Compl. ¶ 14. Defendant now moves to dismiss the Complaint. Mot. Dismiss. This fully briefed motion is before the Court.

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

[2]The Court accepts as true all the well-pled facts in the Complaint and draws all reasonable inferences in Plaintiff's favor. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Here, Defendant maintains that Plaintiff fails to identify any federal statute or constitutional cause of action underlying his Sections 1983, 1985, and 1986 claims, and thus the Court should dismiss the Complaint. Mot. Dismiss at 2–3. Moreover, asserts Defendant, Section 1983 only covers actions taken under state law; it does not apply to federal agencies. *Id.* at 3. As for Plaintiff's Section 1985 claim, Defendant contends that Plaintiff fails to allege factual support and instead relies on conclusory statements. *Id.* Consequently, Plaintiff's Section 1986 claim, submits Defendant, should similarly be dismissed, as it is a derivative of Plaintiff's Section 1985 claim. *Id.*[3]

Regarding Plaintiff's state law claims, the way Defendant sees it, Plaintiff cannot plausibly allege that, by giving him the wrong application form, Defendant committed a false arrest, assault, battery, false imprisonment, malicious prosecution, or conspiracy. Mot. Dismiss at 4. That aside, posits Defendant, it cannot be sued in tort. *Id.*

Against this backdrop, Defendant moves the Court to dismiss the Complaint with prejudice, asserting that this suit is pretextual. *Id.* That is, at bottom, Plaintiff seeks a vehicle to challenge Defendant's denial of his disability benefits application. *Id.* Even if the Court construes Plaintiff's sprawling Complaint as such a challenge, Plaintiff, argues Defendant, cannot avail himself of this Court's jurisdiction because he has not yet exhausted his administrative remedies as required. *Id.* In support of

---

[3]Defendant points out that Plaintiff has filed four lawsuits against the Defendant concerning his efforts to receive disability insurance benefits. Mot Dismiss at 1.

this proposition, Defendant submits the affidavit of Social Security Income Expert Kristin Schultes.[4] *Id.*

Plaintiff's response, much like his Complaint, is no model of clarity, ranging from references to Moorish American citizenship to excerpts from cases to what Plaintiff labels "Estate Reasoning" and "Executive Office Request." *See generally* R. 19, Resp. Nothing in Plaintiff's response, however, addresses the arguments raised in Defendant's motion. *Id.* Accordingly, the Court construes such failure as waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *see also Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (holding that where a party fails to address a non-frivolous or dispositive argument, it is appropriate to infer acquiescence, and "acquiescence operates as a waiver."); *see also Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010).

Waiver aside, the Court agrees with Defendant. First, Section 1983 provides that a person may not be deprived of any constitutional right by an individual acting under the color of state law. 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must plausibly allege that he was deprived of a constitutional right or a right secured by federal law, and that the alleged deprivation was committed *under color of state law. See Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011) (emphasis added).

Here, Plaintiff fails to identify any constitutional right. *See generally* Compl. Not only that, but assuming such a right for the sake of argument, he fails to plausibly allege that Defendant acted under color of state law. *Id.* True, "*[p]ro se* complaints are construed liberally and held to a less stringent standard than pleadings drafted by lawyers." *Lee v. Chicago Transit Auth.*, 2016 WL 6680483, at *3 (N.D. Ill. Nov. 14, 2016), *aff'd*, 696 F. App'x 752 (7th Cir. 2017) (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) ("[T]he pleading standards for pro se plaintiffs are considerably relaxed[.]")). But even a complaint filed by a *pro se* plaintiff must give defendants fair notice of the claims and suggest at least a plausible right to relief. *Id.* (citing, *inter alia*, *Killebrew v. St. Vincent Health, Inc.*, 295 Fed. App'x. 808, 810 (7th Cir. 2008)); *Dabbs v. Peoria Cnty., Illinois*, 690 F. App'x 416, 417 (7th Cir. 2017). Plaintiff's Section 1983 claim fails to do so.

Second, Section 1985 prohibits two or more parties from conspiring to deprive a person of equal protection with knowledge of wrongs conspired to be done in violation of Section 1983. 42 U.S.C. § 1985. Relatedly, Section 1986 provides a cause

---

[4]The Court does not consider the Schultes affidavit in resolving Defendant's motion to dismiss. On a Rule 12(b)(6) motion, the Court's analysis is limited to the four corners of the complaint where no exhibits are attached to or referenced by the pleading. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Here, the matters asserted by the Schultes affidavit are not part of the Complaint or referenced in the Complaint.

of action against a person who fails to prevent a violation of Section 1985's prohibition. 42 U.S.C. § 1986. Consequently, liability under Section 1986 is a derivative of Section 1985. *Grimes v. Smith*, 776 F.2d 1359, 1363 (7th Cir. 1985). Accordingly, for the same reason, the absence of state action, Plaintiff's Sections 1985 and 1986 claims fail.

Lastly, "when all federal claims are dismissed before trial," courts generally "relinquish supplemental jurisdiction over any state law claims as well." *Day v. Conwell,* 244 F. Supp. 2d 961, 964 (N.D. Ill. 2003) (citing *Bowman v. City of Franklin,* 980 F.2d 1104, 1109 (7th Cir. 1992)). However, there is an exception to this general rule. "[T]o save the time of the state court," this Court may resolve the supplemental claims, so long as it is "absolutely clear" that they can be decided in only one way. *Id.*; *Bowman,* 980 F.2d at 1109.

Here, upon a thorugh review of the record, it is absolutely clear that Plaintiff fails to plausibly allege state law claims for false arrest, assault, battery, false imprisonment, malicious prosecution, and conspiracy. *See generally* Compl.; *see also Grullon v. Vanacora,* 2002 WL 1553373, at *2 (N.D. Ill. July 15, 2002) (Under Illinois law, the factual basis for a false arrest claim is that defendants arrested plaintiff without having a reasonable basis for doing so.); *Benitez v. Am. Stand. Circuits, Inc.,* 678 F. Supp. 2d 745 (N.D. Ill. 2010) (Under Illinois law, a civil "assault" is defined as an intentional, unlawful offer of corporeal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the present ability to effectuate the attempt if not prevented.); *Wagner v. Cook Cnty. Sheriff's Off.,* 453 F. Supp. 3d 1101 (N.D. Ill. 2020) (Under Illinois law, to prove battery, plaintiff must show that defendant intended to cause a harmful contact, that harmful contact resulted, and that the plaintiff did not consent.); *Makowski v. U.S.,* 27 F. Supp. 3d 901 (N.D. Ill. 2014) (Under Illinois law, to state a claim for false imprisonment, plaintiff must allege that his personal liberty was unreasonably or unlawfully restrained against his will and that defendant caused or procured the restraint.); *Sneed v. Rybicki,* 146 F.3d 478 (7th Cir. 1998) (Under Illinois law, to state claim for malicious prosecution, plaintiff must allege that (1) he was subjected to judicial proceedings (2) for which there was no probable cause, (3) that defendants instituted or continued proceedings maliciously, (4) that proceedings were terminated in plaintiff's favor, and (5) that there was an injury.); *Hobbs v. Cappelluti,* 899 F. Supp. 2d 738 (N.D. Ill. 2012) (Under Illinois law, elements of civil conspiracy are: (1) combination of two or more persons, (2) for purpose of accomplishing by some concerted action either unlawful purpose or lawful purpose by unlawful means, (3) in furtherance of which one of the conspirators committed overt tortious or unlawful act.).

For these reasons, leave to amend, although not requested by Plaintiff, would be futile. Therefore, the Court dismisses Plaintiff's Complaint with prejudice. *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010); *Bogie v. Rosenberg,* 705 F.3d 603,

608 (7th Cir. 2013). Plaintiff's pending motion for relief hearing, R. 54, is stricken as moot.


Dated: June 6, 2025

_____
United States District Judge
Franklin U. Valderrama